**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| DUSTIN WELLER, derivatively on behalf of INOGEN, INC., </br></br>    Plaintiff, </br></br> v. </br></br> SCOTT WILKINSON, *et al.*, </br></br>    Defendants, </br></br> and </br></br> INOGEN, INC., a Delaware corporation, </br></br>    Nominal Defendant. | ) ) ) ) ) ) ) C.A. No. 19-1723-MN-JLH ) ) ) ) ) ) ) ) ) ) |
| SHAHROKH SOLTANIPOUR, derivatively on behalf of INOGEN, INC., </br></br>    Plaintiff, </br></br> v. </br></br> SCOTT WILKINSON, *et al.*, </br></br>    Defendants, </br></br> and </br></br> INOGEN, INC., a Delaware corporation, </br></br>    Nominal Defendant. | ) ) ) ) ) ) ) C.A. No. 19-1968-MN-JLH ) ) ) ) ) ) ) ) ) ) |

**MEMORANDUM OPINION**

These are two derivative actions brought by shareholders of Inogen, Inc. The plaintiffs in both cases agree that they should be consolidated. They also agree that the Court should designate

attorneys for one of the plaintiffs as "Lead Counsel" in the consolidated action. But they disagree about which plaintiff's attorneys it should be. And they want the Court to resolve their dispute.

Pending are the two plaintiffs' cross-motions for consolidation and appointment of lead counsel. (C.A. No. 19-1723, D.I. 27; C.A. No. 19-1968, D.I. 7 (collectively, the "Weller Motion"); C.A. No. 19-1723, D.I. 29; C.A. No. 19-1968, D.I. 10 (collectively, the "Soltanipour Motion").)[1] For the reasons set forth below, the Court GRANTS-IN-PART the Soltanipour Motion to the extent it seeks consolidation, DENIES-IN-PART the Soltanipour Motion to the extent it seeks appointment of lead counsel, and GRANTS the Weller Motion in its entirety.

I.     BACKGROUND

   A.     Facts

Inogen, Inc. ("Inogen") is a Delaware corporation that develops, manufactures, and markets portable oxygen concentrators. Plaintiff Dustin Weller (C.A. No. 19-1723) and Plaintiff Shahrokh Soltanipour (C.A. No. 19-1968) each purport to be shareholders of Inogen stock.

The plaintiffs' derivative actions arise out of alleged misconduct by Inogen officers and board members between 2017 and 2019. (C.A. No. 19-1723, D.I. 1 ¶ 1; C.A. No. 19-1968, D.I. 1 ¶ 1.) Both plaintiffs allege that the Inogen officers and directors named as defendants violated federal securities laws and breached their fiduciary duties by causing the company to make material misrepresentations and omissions about Inogen's performance and internal controls.

   B.     Procedural History

A securities fraud class action with similar factual allegations was filed in the United States District Court for the Central District of California on March 6, 2019. The defendants in that case

---

[1] Unless otherwise indicated, future docket citations will refer to the docket in C.A. No. 19-1723.

filed a motion to dismiss, which remains pending. *In re Inogen, Inc. Sec. Litig.*, No. 2:19-cv-01643-FMO-AGR, D.I. 90 (C.D. Cal.).

On September 13, 2019, Plaintiff Dustin Weller filed his verified stockholder derivative complaint in this district. (C.A. No. 19-1723, D.I. 1.) Weller's complaint alleges violations of federal securities laws (Counts I and II), breaches of fiduciary duties (Counts III and IV), waste of corporate assets (Count V), and unjust enrichment (Count VI).

On October 17, 2019, Plaintiff Shahrokh Soltanipour filed his verified shareholder derivative complaint in this district. (C.A. No. 19-1968, D.I. 1.) Soltanipour's complaint alleges violations of federal securities laws (Counts I and II), breaches of fiduciary duties (Counts III and VII), unjust enrichment (Count IV), "abuse of control" (Count V), and "gross mismanagement" (Count VI).

On December 23, 2019, Weller moved to consolidate the cases and appoint his counsel, Johnson Fistel, LLP ("Weller's counsel"), as lead counsel. (C.A. No. 19-1723, D.I. 27; C.A. No. 19-1968, D.I. 7.) On January 6, 2020, Soltanipour filed a cross-motion to consolidate the cases and appoint his counsel, Lifshitz & Miller LLP ("Soltanipour's counsel"), as lead counsel. (C.A. No. 19-1723, D.I. 29; C.A. No. 19-1968, D.I. 10.) The same day, the cases were referred to me for all pretrial purposes up to and until summary judgment and *Daubert* motions. (C.A. No. 19-1723, D.I. 35; C.A. No. 19-1968, D.I. 16.)

## II. DISCUSSION

The pending motions are directed to two issues: consolidation and appointment of lead counsel.

### A. Consolidation

The plaintiffs in both cases agree that they should be consolidated. (D.I. 28 at 6; D.I. 30 at

4.) Both complaints name the same defendants, and the defendants do not oppose consolidation. (D.I. 31 at 2.)

Pursuant to Federal Rule of Civil Procedure 42(a), courts may consolidate actions involving a common question of law or fact. Fed. R. Civ. P. 42(a). "The purpose of consolidation is to streamline and economize pretrial proceedings so as to avoid duplication of effort, and to prevent conflicting outcomes in cases involving similar legal and factual issues." *In re TMI Litig.*, 193 F.3d 613, 724 (3d Cir. 1999) (marks omitted).

Both complaints are derivative suits brought by shareholders of Inogen. The complaints name the same defendants, they allege similar (if not identical) facts, and they contain overlapping claims. Accordingly, the Court grants the requests to consolidate the cases.

B. **Appointment of Lead Counsel**

Both plaintiffs agree that the Court should appoint a lead counsel. (D.I. 28 at 7; D.I. 30 at 6.) They disagree about whose counsel should be selected. (*Id.*) The defendants take no position on the selection of lead counsel (but they note that they intend to move to dismiss both complaints). (D.I. 31 at 2.)

"'The court, if it sees fit, may appoint one or more attorneys as liaison counsel, lead counsel, or trial counsel for the consolidated cases' and 'can assign the designated lawyers specific responsibilities.'" *Resnik v. Woertz*, 774 F. Supp. 2d 614, 625 (D. Del. 2011) (quoting 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2385 (3d ed. 2008)). "The selection of lead counsel in a shareholder derivative action filed in federal court is left to the sound discretion of the Court." *KBC Asset Mgmt. NV ex rel. Chemed Corp. v. McNamara*, 78 F. Supp. 3d 599, 607 (D. Del. 2015).

The plaintiffs also agree that, in considering how best to exercise my discretion, I should

apply the framework described in *In re Comverse Technology, Inc. Derivative Litigation*, No. 06-1849, 2006 WL 3761986 (E.D.N.Y. Sept. 22, 2006). (D.I. 28 at 8; D.I. 30 at 7.) Under the *Comverse* framework, courts consider three factors: "(1) the quality of the pleadings; (2) the vigorousness of the prosecution of the lawsuits; and (3) the capabilities of counsel." *Comverse*, 2006 WL 3761986, at *2. Weller asks the Court to also consider a fourth factor: "whether one complaint is simply a 'copycat action' of another." *In re Oclaro, Inc.*, No. 11-3176, 2011 WL 4345099, at *2 (N.D. Cal. Sept. 14, 2011) (citing *Resnik*, 774 F. Supp. 2d at 625). (D.I. 28 at 8.)

### 1. Quality of the pleadings

The first *Comverse* factor is the quality of the pleadings. In assessing this factor, the focus is "on counsel's efforts in drafting an adequate complaint that would advance shareholders' interests, not whether one's claims are superior to another's." *Thieffry ex rel. Synchronoss Techs., Inc. v. Waldis*, C.A. No. 17-10062, 2018 WL 2357759, at *3 (D.N.J. May 24, 2018) (citing *Comverse*, 2006 WL 3761986, at *4). "The 'more comprehensive' the allegations, the better they can advance shareholder interests." *Id.* (quoting *Comverse*, 2006 WL 3761986, at *4).

Here, the two complaints contain similar factual allegations arising out of the same alleged misconduct by the same defendants. The complaints allege substantially similar counts. Neither plaintiff has provided any persuasive reason to think that any differences between the complaints make one better than the other.

Soltanipour suggests that his complaint is better because it contains detailed demand futility allegations. (D.I. 30 at 12-13.) However, after reviewing the demand futility allegations in Weller's complaint (D.I. 1 ¶¶ 227-62), it appears that Weller's demand futility allegations are equally as detailed.

Soltanipour also points out that he made a books and records demand on the corporation,

pursuant to California Corporations Code § 1601, seeking documents to support his allegations. However, Soltanipour's complaint, like Weller's complaint, only contains publicly available information.

I find that this factor is neutral.

### 2. Vigorousness of prosecution of the lawsuit

The second *Comverse* factor is the vigorousness with which counsel has prosecuted the suit. Both cases are in their earliest stages. The defendants have not responded to either complaint. Weller agreed to stay his case (before the defendants responded to his complaint) pending the Court's selection of lead counsel. (D.I. 26.) The record also suggests that Weller may agree to a further stay if and when his counsel is appointed as lead counsel. (D.I. 28-1 ¶¶ 6-9; D.I. 32 at 9-10; D.I. 34, Ex. A.) Soltanipour agreed to stay his case (before the defendants responded to his complaint) at least until resolution of the motion to dismiss the securities class action pending in the Central District of California, *In re Inogen, Inc. Sec. Litig.*, No. 2:19-cv-01643-FMO-AGR. (C.A. No. 19-1968, D.I. 6.) Both of the stipulated stays exempted the Court's selection of lead counsel from the proceedings to be stayed.

It thus appears to the Court that neither plaintiff plans to move forward with prosecuting his case at least until the Court selects one set of plaintiffs' attorneys as lead counsel, and likely not until the district court in the Central District of California rules on the motion to dismiss the securities class action. Under these circumstances, I am strained to find that either plaintiff is prosecuting his case with vigor.[2]

That said, courts have considered the "vigorousness of the prosecution of the lawsuits"

---

[2] I appreciate that the stipulated stays may ultimately conserve the resources of the parties, Inogen, and the Court. The plaintiffs nevertheless ask the Court to expend its resources to select one set of attorneys as lead counsel while the cases are stayed.

factor even when a case is in its early stages.  For example, in *In re Oclaro*, the district court was confronted with the selection of lead counsel for two derivative suits that were "tag-alongs to [a] securities class action."  2011 WL 4345099, at *4.  The court found that the factor favored the law firm that (1) represented the plaintiff in the first-filed derivative suit and (2) "appear[ed] to have taken the lead in relating and consolidating the [] derivative suits."  *Id.*  The court recognized that the cases were "at their inception" and, thus, the selected firm "ha[d] not done substantially more."  *Id.*  It nevertheless concluded that the firm that had "done more—even if only marginally more—to move the lawsuits forward" should be selected.  *Id.*

That reasoning supports the selection of Weller's counsel here.  Weller contends that Soltanipour's complaint is merely a "copycat" that "simply parrots the *Weller* complaint's allegations" (D.I. 28 at 10), but it appears that Weller's and Soltanipour's derivative complaints both tracked the securities class action complaint filed in the Central District of California.  Nevertheless, Weller did file his derivative complaint before Soltanipour, and the record indicates that Weller's counsel has taken the lead to coordinate and organize these actions.  (*See, e.g.*, D.I. 28 at 11; D.I. 28-1 ¶¶ 8-9.)  Those facts tip the scale in Weller's favor.

### 3. Capabilities of counsel

The final *Comverse* factor is the capabilities of counsel.  Counsel for both plaintiffs have demonstrated that they are qualified and experienced in prosecuting shareholder derivative actions.  (D.I. 28 at 12-14; *id.*, Ex. A; D.I. 30 at 15-19; *id.*, Ex. A.)  This factor is neutral.

After carefully considering the factors and the other arguments set forth in the briefing, the Court finds that it is appropriate to appoint Weller's counsel, Johnson Fistel, LLP, as lead counsel.  The Court further finds that it is appropriate to appoint Weller's Delaware counsel, Cooch and Taylor, P.A., as Delaware liaison counsel.

### III. CONCLUSION

For the reasons set forth above, the Court GRANTS-IN-PART the Soltanipour Motion to the extent it seeks to consolidate the cases, DENIES-IN-PART the Soltanipour Motion to the extent it seeks appointment of lead counsel, and GRANTS the Weller Motion in its entirety.  The Court will separately enter an Order of Consolidation and Appointment of Lead Counsel, which largely tracks the proposed Order filed by Weller (D.I. 27).

Dated:   May 15, 2020                              _____
                                                   Jennifer L. Hall
                                                   UNITED STATES MAGISTRATE JUDGE